*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF ST. CLAIR SHORES,

UNPUBLISHED
October 29, 2020

Plaintiff-Appellee,

v

No. 349910
Macomb Circuit Court

MICHAEL DORR,

LC No. 2019-000135-AR

Defendant-Appellant.

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

SWARTZLE, P.J. (*dissenting*).

I respectfully dissent. I agree with the lead opinion that defendant was operating a business out of his residential home when he rented it as an "Airbnb." Therefore, to fall within the city's permissible use of a residential home as a "home business," the "business must be clearly incidental to the principal use of the dwelling unit for dwelling purposes." St. Clair Shores Zoning Ordinance 15.516(1).

Where I part with the lead opinion, however, is with its apparent conclusion that a permissible business use cannot involve any "lodging" or "rooming" in the residential home whatsoever. The term "dwelling purposes" in the home-business exception is not defined, although "dwelling unit" is: "A building, or portion thereof, designed for occupancy by one (1) family for residential purposes and having cooking facilities." A reasonable reading of the ordinance is that "dwelling purposes" is synonymous with "residential purposes," but unfortunately the latter term is also left undefined. As I read the ordinance (including the definition of a "family"), the terms "dwelling purposes" and "residential purposes" are intended to cover purposes that have "a permanent and distinct domestic character." *Id*. 15.022(33)(b). If this reading is a reasonable one, then a single-night's stay as an Airbnb rental would not qualify as a "dwelling purpose," and, as a result, the stay would not fall outside the home-business exception.

My reading is in-line with the city's regulation of a "tourist house." The ordinance defines a "tourist house" as "[a] dwelling in which overnight accommodations are provided or offered for transient guests for compensation, without provision of meals." *Id.* 15.022(86). This would seem the most logical place to regulate or prohibit Airbnb rentals, but the city specifically exempted from the meaning of "tourist house" "any private residence or home, the owner or occupant of

which is not *regularly* engaged in renting any rooms in such residence or home to permanent or transient roomers who are not related to such person." *Id.* 18.050 (emphasis added). Defendant was convicted of renting his residence on Airbnb for a single day, and the record shows that he had similarly rented his residence for one other day in the past. Two days over a year or more does not constitute "regularly engaged" in renting one's home on Airbnb.

Moreover, I read the term "incidental" more broadly than does the lead opinion, as "incidental" in this context could have either a temporal or spacial meaning—in other words, (1) the use could be "incidental" if the entire space of the home was turned over to a business use on a brief, temporary basis (e.g., a single-day's rental), just as (2) the use could be "incidental" if a room of the home was turned over to a business use on a permanent basis (e.g., a home office). In (1), the temporal use is incidental, although the spacial use is not, while in (2), the spacial use is incidental, although the temporal use is not.

Finally, while I disagree with the lead opinion's construction of the ordinance, if we assume that its construction is also a reasonable one, then I would conclude that the ordinance is unconstitutionally vague as-applied to defendant's conviction for renting his home for a single day. Simply put, if the city wants to regulate or prohibit Airbnb rentals and the like, then it should clearly say so.

Accordingly, I respectfully dissent.

/s/ Brock A. Swartzle